UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON LYN WAYNE JOHNSON, § <br> a/k/a DEWAYNE L. SMITH § <br> HCJ # 01510117, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> MIKE ANDERSON, *et al*., § <br> § <br> Defendants. § | | CIVIL ACTION NO. H-13-1118 |

## MEMORANDUM AND ORDER

The plaintiff, Clifton Lyn Wayne Johnson (HCJ # 01510117), a/k/a DeWayne L. Smith, is an inmate of the Harris County Jail (collectively, "HCJ"). He has filed a civil rights complaint [Doc. #1] in which he alleges that he has been wrongfully indicted for burglary of a habitation. Johnson has also filed a motion to proceed *in forma pauperis* [Doc. #2]. After reviewing all of the pleadings, the Court **grants** the motion and **dismisses** this case for the reasons that follow.

I.     BACKGROUND

Johnson states that he was arrested on March 18, 2013, and was charged with burglary of a habitation. He states that the Grand Jury returned an indictment against him that same day. Johnson complains that he and his attorney were not

allowed to be present during the Grand Jury proceedings. Johnson also complains that he was not given the opportunity to answer any questions concerning the allegations and charges. Johnson names District Attorney Mike Anderson and Caroline Wolk, "Assistant Foreman" of the Grand Jury of the 351st District Court, as defendants. He seeks monetary damages for the time he has spent in jail. Johnson also seeks dismissal of the charges against him.

## II.     STANDARD OF REVIEW

This civil action is subject to review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A court may dismiss a complaint as frivolous under § 1915(e)(2)(B) "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is factually frivolous if the allegations are "fanciful,"

2

"fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

## III.   DISCUSSION

Johnson is a pretrial detainee facing criminal charges in state court. His request that this court dismiss the state charges cannot be granted because abstention is required under the *Younger* doctrine. *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012), (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Johnson has not presented any facts which show that the prosecution was brought in bad faith or that the charges have been brought under a state statute that is flagrantly in violation of the Constitution. *Id*.

Further, the two named defendants, the district attorney and the grand jury foreman, are entitled to absolute immunity for carrying out their official duties in obtaining an indictment against Johnson. *See Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). The law is well settled that the courts and their officials are immune for actions taken within their authorized capacities. *Stump v*

*Sparkman*, 435 U.S. 349 (1978); *Hale v. Harvey*, 786 F.2d 688, 690 (5th Cir. 1986).  The court officials must have this protection so that they can perform their jobs vigorously and fearlessly. *Imbler*, 424 U.S. at 427-28.  Otherwise, these officials would be vulnerable to the persistent worry of potential retaliation and thus their ability to do their duties would be compromised.  *Id.*  Even grave errors in law and procedure will not deprive the defendants of their right to immunity. *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (abrogated on other grounds by *Wallace v. Kato,* 549 U.S. 384 (2007)); *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Finally, Johnson does not have a federally protected right "to be present or to offer exculpatory evidence during grand jury proceedings."  *See United States v. Haden*, 260 F.App'x 661, 662 (5th Cir. 2007).  Nor does Texas law afford Johnson a right to be present during grand jury proceedings.  *Woodall v. State*, 336 S.W.3d 634, 645-46 (Tex. Crim. App. 2011).  Johnson will have an opportunity to defend himself if and when he is tried on the charges in district court.  Should Johnson be convicted, he can only present a federal habeas challenge to the state court judgment and sentence after he has exhausted the available state court remedies. 28 U.S.C. § 2254(b)(1); *Wion v. Quarterman,* 567 F.3d 146, 148 (5th Cir. 2009).

Having reviewed Johnson's claims and allegations, the Court concludes that his complaint is based on an indisputably meritless legal theory and has no basis in

law. *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). Therefore, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, Johnson fails to state any claim that is not frivolous or upon which relief may be granted. The Court **ORDERS** as follows:

1. The plaintiff's motion to proceed *in forma pauperis* [Doc. # 2] is **GRANTED.**

2. Officials at the Harris County Inmate Trust Fund are **ORDERED** to deduct funds from the inmate account of Clifton Lyn Wayne Johnson (HCJ #01510117) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

**The Clerk is directed to provide copies to the parties. The Clerk will also provide a copy of this memorandum and order by regular mail, facsimile transmission, or e-mail to: (1) the Harris Count Jail Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002; (2) the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three Strikes List.**

SIGNED at Houston, Texas on April 26, 2013.

_____
Nancy F. Atlas
United States District Judge